

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2003

# USA v. Leuthe

Precedential or Non-Precedential: Non-Precedential

Docket 02-1938

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Leuthe" (2003). *2003 Decisions.* Paper 796.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/796

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-1938

———————

UNITED STATES OF AMERICA

vs.

JAMES L. LEUTHE

Appellant.

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Criminal No. 01-cr-00203)
District Judge:  The Honorable Jay C. Waldman

———————

Submitted Under Third Circuit LAR 34.1(a)
December 16, 2002

BEFORE: NYGAARD, ALITO, and McKEE, Circuit Judges.

(Filed: February 19, 2003)

———————

_____

NYGAARD, Circuit Judge,

The United States sued James L. Leuthe for $250,000 in civil penalties assessed by the FDIC against him. Leuthe served as Chairman of the Board of First Lehigh Bank from 1983 until 1993, and is the controlling shareholder of First Lehigh Corporation, the owner of the Bank. In 1987, the FDIC found that the Bank had committed violations of applicable law and regulations, particularly those designed to prevent insider abuse. To remedy these violations, the FDIC and the Bank's directors entered into a series of consent cease and desist orders.

The FDIC then initiated proceedings to terminate the Bank's deposit insurance status. The parties entered into a settlement that provided the Bank with some capital, required Leuthe to resign as a director, placed Leuthe's stock in a voting trust, and terminated Leuthe's involvement in the Bank for two years beginning in 1993. In 1995, an Administrative Law Judge decided that Leuthe should pay a penalty of $250,000 and be prohibited from participating in the affairs of an insured depository institution. The FDIC's Board of Directors adopted the ALJ's recommendation. One of the allegations made by Leuthe in the administrative proceedings was that the FDIC had conspired with the Pennsylvania Department of Banking ("DOB") to seize the Bank and drive Leuthe out of business. The Court of Appeals for the D.C. Circuit specifically rejected the conspiracy claim.

When Leuthe still refused to pay, the FDIC referred the matter for collection to the Office of the U.S. Attorney pursuant to 12 U.S.C. § 1818(i). Leuthe answered with affirmative defenses and counterclaims in set-off and recoupment under 42 U.S.C. § 1983 and the Federal Tort Claims Act. He based both the affirmative defenses and the counterclaims on the alleged FDIC/DOB conspiracy to put him out of business.

The District Court struck the affirmative defenses because they were barred by the doctrine of collateral estoppel (issue preclusion), and because they would violate 12 U.S.C. § 1818(i).  It then dismissed the counterclaims, and granted summary judgment in favor of the Government for the penalty.

We conclude that the District Court properly applied 12 U.S.C. § 1818(i), which generally provides two independent bars to relitigation of matters at issue in proceedings, and barred the defenses and counterclaims in recoupment because they arose out of the same transaction or occurrence as the one at issue in the proceeding before the FDIC. Contrary to the position that Leuthe took in the District Court, he now argues that §1818(i) does not apply to his affirmative defenses and counterclaims. Leuthe's reasoning is that the adjudication of his conspiracy claim would not involve consideration of matters related to the merits of the enforcement action leading to assessment of the penalty. First, the District Court correctly concluded that issue preclusion barred the counterclaims. And second, even if Leuthe's rationale is correct, then these affirmative defenses and counterclaims are barred by various defenses, including the statute of limitations and the failure to file an administrative claim under the Federal Tort Claims Act. We will affirm.

3